# Matter of M-M-A-, Respondent

*Decided March 11, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When the Department of Homeland Security raises the mandatory bar for filing a frivolous asylum application under section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (2018), an Immigration Judge must make sufficient findings of fact and conclusions of law on whether the requirements for a frivolousness determination under *Matter of Y-L-*, 24 I&N Dec. 151 (BIA 2007), have been met.

FOR THE RESPONDENT: Elias Z. Shamieh, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jennifer L. Castro, Assistant Chief Counsel

BEFORE: Board Panel: WILSON and GOODWIN, Appellate Immigration Judges. Dissenting Opinion: GREER, Appellate Immigration Judge.

WILSON, Appellate Immigration Judge:

In a decision dated June 26, 2018, the Immigration Judge granted the respondent's application for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2018), and his application for a waiver of inadmissibility under section 212(i) of the Act, 8 U.S.C. § 1182(i) (2018). The Department of Homeland Security ("DHS") has appealed from this decision, arguing that the respondent filed a frivolous asylum application and was therefore barred from the requested relief. *See* section 208(d)(6) of the Act, 8 U.S.C. § 1158(d)(6) (2018). The appeal will be sustained, the Immigration Judge's decision vacated, and the record remanded.

## I. FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. The respondent was admitted to the United States in 2007. In August 2010, he filed an affirmative asylum application with United States Citizenship and Immigration Services ("USCIS"). In his application, the respondent claimed that his father was a founder of, and held a leadership position in, the Southern Movement in Yemen, which called for the secession of South Yemen. He stated in his

application that he and his brother were also members of this group and that he had been a member since 2003.  The respondent claimed that his father was being held in prison in Yemen because of his involvement in this group and that arrest warrants had been issued for the respondent and his brother. He further claimed that if he entered Yemen, he would immediately be arrested and imprisoned and that he would likely be tortured.  The respondent signed the application, swearing to the truth of its contents.  He attached a declaration repeating this same claim, as well as a document purporting to be a Yemeni arrest warrant.  He attended two administrative interviews with asylum officers and at both interviews, he swore to tell the truth.  The respondent received notice of the consequences of filing a frivolous asylum application and acknowledged that if he filed a frivolous asylum application, he could be "permanently ineligible for any benefits" under the Act.  Section 208(d)(4)(A), (6) of the Act.  USCIS denied the respondent's application and placed him in removal proceedings.

At the Immigration Court, the respondent sought adjustment of status based on his marriage to a United States citizen.  After the DHS stated that the respondent might be barred from adjustment of status because his asylum application suggests he provided material support to a terrorist group, the respondent withdrew his asylum application.  In a filing to the Immigration Court, he stated that he had poor English skills when he filed his asylum application and thus did not know how to properly explain what happened to him in Yemen.  He further claimed that he mischaracterized certain information regarding his involvement with the Southern Movement in Yemen and wished to retract the information.  Acknowledging that these misrepresentations rendered him inadmissible, he filed a Form I-601, Application for Waiver of Grounds of Inadmissibility, seeking to waive his inadmissibility under section 212(a)(6)(C)(i) of the Act for fraud or misrepresentation of a material fact.

At a hearing before the Immigration Court, the respondent testified that his written declaration and his testimony at his asylum interviews were false. He testified that neither he nor his family were members of the Southern Movement, his father was never imprisoned in Yemen, and an arrest warrant was never issued for the respondent.  He also admitted that he submitted a false Arabic language arrest warrant.  He testified that although his friends completed his asylum application, he lied to the asylum officers under oath. He also testified that his work permit was going to expire and he was told that filing the asylum application would fix the situation.

The DHS asked the Immigration Judge to find that the respondent filed a frivolous asylum application.  The Immigration Judge found that the respondent's asylum claim "hinged upon this false information," which the respondent admitted was untrue and that the misrepresentations were "both

material and willful." Based on the respondent's fraudulent misrepresentations, the Immigration Judge found that he was inadmissible under section 212(a)(6)(C)(i) of the Act, but eligible for a waiver of inadmissibility under section 212(i) of the Act.

Despite finding that the respondent admitted that his asylum application was fraudulent, the Immigration Judge held that she was not required to find that the respondent's asylum application was frivolous or that the respondent was permanently barred from relief under section 208(d)(6) of the Act. The Immigration Judge declined to enter a frivolousness finding. Instead, she determined that the respondent merited a waiver of inadmissibility and granted his application for adjustment of status.

On appeal, the DHS argues that although it properly raised the issue of the mandatory bar to relief based on a frivolous asylum application under section 208(d)(6) of the Act, the Immigration Judge ignored the issue and did not apply the analytical framework set forth in *Matter of Y-L-*, 24 I&N Dec. 151, 155–60 (BIA 2007). It further argues that when it raises the frivolousness issue, an Immigration Judge is required to make the relevant findings of facts and conclusions of law regarding whether the mandatory bar to relief applies before considering a respondent's eligibility for relief.

## II.  ANALYSIS

The issue before this Board is whether, when the DHS alleges that an applicant is ineligible for relief based on a frivolous asylum application, the Immigration Judge is required to make predicate findings of fact and conclusions of law to determine whether the requirements for a frivolous asylum application have been satisfied. We review this legal issue de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2021).

Section 208(d)(6) of the Act provides:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A) [of the consequences of such an application], the alien shall be permanently ineligible for any benefits under this Act, effective as of the date of a final determination on such application.

The implementing regulation further provides:

> For applications filed on or after April 1, 1997, an applicant is subject to the provisions of section 208(d)(6) of the Act only if a final order by an immigration judge or the Board of Immigration Appeals specifically finds that the alien knowingly filed a frivolous asylum application. For purposes of this section, an asylum application is frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the immigration judge or the Board is

satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim. For purposes of this section, a finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal.

8 C.F.R. § 1208.20 (2020).

A frivolousness finding "is a preemptive determination which, once made, forever bars an alien from any benefit under the Act." *Matter of Y-L-*, 24 I&N Dec. at 157. Given the serious consequences of a frivolousness finding, specific requirements must be met before an Immigration Judge or the Board can enter such a determination. *Id.* at 155. Among these is a specific finding that a respondent "knowingly and deliberately fabricated material elements of the claim." *Id.* at 156–57; *see* 8 C.F.R. § 1208.20. Either an Immigration Judge or the DHS can raise the issue of a frivolous asylum application. *See Matter of Y-L-*, 24 I&N Dec. at 159–60. However, an "Immigration Judge is not required to evaluate whether an application is frivolous if the [DHS] does not raise the issue." *Matter of X-M-C-*, 25 I&N Dec. 322, 324 n.1 (BIA 2010).

Where, as here, the DHS argues that the mandatory bar for filing a frivolous asylum application applies, the Immigration Judge errs in not addressing the issue and making sufficient factual findings on whether the requirements for a frivolousness determination have been met. Immigration Judges must make sufficient findings of fact and conclusions of law on issues raised before them to ensure the Board can conduct effective appellate review. *See Matter of A-P-*, 22 I&N Dec. 468, 474 (BIA 1999) (stating that the Immigration Judge's decision must provide the Board with adequate means of performing its "primary appellate function of reviewing the bases stated for the Immigration Judge's decision in light of the arguments advanced on appeal").

During removal proceedings, when the DHS raises an issue of statutory eligibility for relief, an Immigration Judge may not grant relief without addressing that issue. "We think it goes without saying that [Immigration Judges] . . . are not free to ignore [potentially dispositive] arguments raised [before them]." *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)); *cf. INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (holding that Immigration Judges are not required to address issues that are not dispositive). In fact, the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, has stated that Immigration Judges and the Board err when we ignore potentially dispositive arguments or evidence presented. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013); *see also Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("[W]here potentially dispositive testimony and

documentary evidence is submitted, [Immigration Judges and the Board] must give reasoned consideration to that evidence.").

The requirement that Immigration Judges address all issues of statutory eligibility before granting relief is supported throughout various sections of the Act and the regulations. For example, the Board has previously held that under 8 C.F.R. § 1240.8(d) (2021), "where the record contains some evidence from which a reasonable factfinder could conclude that one or more grounds for mandatory denial of [an] application may apply," an applicant cannot be granted relief unless he or she demonstrates that the ground does not apply. *Matter of M-B-C-*, 27 I&N Dec. 31, 37 (BIA 2017). Although the respondent does not bear the burden of proving that the bar to relief based on a frivolous asylum application does not apply, *Matter of Y-L-*, 24 I&N Dec. at 157, the logic behind 8 C.F.R § 1240.8(d) is equally applicable to the mandatory bar for frivolous asylum applications: If the record contains sufficient evidence indicating that a respondent may be barred from relief based on a frivolous asylum application and the DHS raises the issue, the Immigration Judge cannot grant relief without determining whether the requirements for a frivolousness finding have been met.

Likewise, section 208(b)(2)(A) of the Act and the implementing regulations treat bars to asylum in a similar manner and thus support the conclusion that Immigration Judges must address all issues of statutory eligibility. For example, section 208(b)(2)(A) sets forth certain instances where an individual who would otherwise qualify for asylum cannot be granted relief. The regulation at 8 C.F.R. § 1208.13(c) describes these limitations as "mandatory bars" to asylum eligibility. The asylum regulations provide that "*[u]nless otherwise prohibited in § 1208.13(c)*, an immigration judge may grant or deny asylum in the exercise of discretion to an applicant who qualifies as a refugee under section 101(a)(42) of the Act." 8 C.F.R. § 1208.14(a) (2021) (emphasis added). Pursuant to these regulations, an Immigration Judge may not grant asylum where a mandatory bar applies. *See, e.g.*, *Dawson v. Garland*, 998 F.3d 876, 879 n.1 (9th Cir. 2021) (recognizing that applicants convicted of a particularly serious crime are subject to mandatory denial of asylum and withholding of removal); *Ali v. Ashcroft*, 394 F.3d 780, 789 (9th Cir. 2005) (noting that a respondent is mandatorily ineligible for asylum if he or she firmly resettles prior to entering the United States).

Similarly, other regulations provide that an Immigration Judge must consider issues of statutory eligibility raised by the applicant. When an applicant files an application for asylum, an Immigration Judge is required to consider the applicant's statutory eligibility for withholding of removal. *See* 8 C.F.R. § 1208.3(b) (2020); *see also Matter of Gharadaghi*, 19 I&N Dec. 311, 316 (BIA 1985) (noting that the consideration of withholding of

removal "is mandatory" and that an Immigration Judge cannot "ignore an application for withholding of [removal]"). For all of these reasons, we conclude that when the DHS raises the mandatory bar for filing a frivolous asylum application, the Immigration Judge cannot ignore the issue raised and must make sufficient findings of fact and conclusions of law on whether the requirements for a frivolousness determination under *Matter of Y-L-*, 24 I&N Dec. at 155–60, have been met.

The dissent argues that the Immigration Judge has the discretion not to make a frivolousness finding. We do not find it necessary in this case to consider whether an Immigration Judge has discretion not to enter a frivolousness finding when the requirements under *Matter of Y-L-* have been satisfied. However, an Immigration Judge has to make sufficient findings of fact and conclusions of law to allow for review by the Board whenever an issue is raised by the DHS. This includes, as in all discretionary analyses, weighing all of the positive equities against the negative factors in a particular case.[1] Although the Immigration Judge stated that there were "significant equities" in this case, she did not meaningfully analyze all of the negative factors. In short, she did not explain why, given the extensive and repeated misrepresentations, the belated recantation of the fraudulent claim, and the submission of fraudulent documents, the congressionally mandated bar to future relief should not be applied to this respondent.

The respondent relies on *Mei Juan Zheng v. Holder*, 672 F.3d 178 (2d Cir. 2012), to argue that the Immigration Judge had discretion not to find that he filed a frivolous asylum application. In *Mei Juan Zheng*, the Second Circuit held that an Immigration Judge has discretion "whether to investigate if the preconditions for entering . . . a [frivolousness] finding have been met" and to not enter a frivolousness finding even after she determines that "an application contains a material misstatement and that the applicant was adequately warned." 672 F.3d at 186.

However, because the case before us arises in the jurisdiction of the Ninth Circuit, *Mei Juan Zheng* is not controlling. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989) ("We are not required to accept an adverse determination by one circuit court of appeals as binding throughout the United States."). The Ninth Circuit has recognized that the frivolous asylum bar is a mandatory and permanent bar to relief and is intended "to prevent [applicants] from lying to the United States government in order to obtain benefits under the [Act]." *Chen v. Mukasey*, 527 F.3d 935, 940 (9th Cir. 2008). We are unaware of any precedent case law from the Ninth Circuit

---

[1] If an Immigration Judge makes a discretionary determination regarding a frivolousness finding, it would be subject to de novo review by the Board. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

holding that an Immigration Judge can decline to make findings regarding this mandatory bar when the issue is raised by the DHS.

Moreover, in *Mei Juan Zheng*, the Second Circuit emphasized that the Board had not issued a published decision on the issue. 672 F.3d at 186. It noted that had we entered a published, precedential decision—as we do now—that decision would be accorded additional deference. *Id.*

## IV.  APPLICATION TO THE RESPONDENT'S CASE

The respondent, who is college-educated and speaks English, admitted before the Immigration Judge that he filed a fraudulent asylum application and written declaration and lied under oath about his asylum claim at his administrative interviews. He admitted that, contrary to his asylum claim, he and his family were not members of the Southern Movement in Yemen and that his father had not been imprisoned because of his membership in the group. He further admitted that he submitted a false Arabic language arrest warrant. The respondent only admitted the falsity of his asylum claim after counsel for the DHS stated that if the facts stated in the respondent's asylum application were true, he may be barred from adjustment of status for having provided material support to a terrorist group in Yemen. *See* section 245(a) of the Act (requiring an applicant for adjustment of status to be admissible to the United States); *see also* section 212(a)(3)(B)(i)(I) of the Act (stating that a respondent who has engaged in terrorist activity, including having provided material support to a terrorist organization, is inadmissible).

As the record demonstrates, this is not a case in which the respondent simply lacked credibility based on inconsistent testimony.[2] The Immigration Judge found that the respondent's asylum claim hinged upon the information he admitted was untrue and that the misrepresentations were both material and willful.

---

[2]  It is a well settled principle of asylum law that an adverse credibility determination does not necessarily warrant a finding that an applicant filed a frivolous asylum application. *See Yan Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011) (noting that discrepancies supporting an adverse credibility finding do not necessarily demonstrate that the respondent filed a frivolous asylum application); *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) ("Our sister circuits have observed that 'an adverse credibility determination alone cannot support a finding of frivolousness.'"(quoting *Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008) (citing cases))); *Matter of X-M-C-*, 25 I&N Dec. at 324 n.1 ("[T]he fact that an adverse credibility determination is made does not in itself require the Immigration Judge to make a separate determination on whether the application was frivolous."); *Matter of B-Y-*, 25 I&N Dec. 236, 239–40 (BIA 2010) (addressing the relationship between an adverse credibility finding and a frivolousness finding).

Under the implementing regulation and our prior case law, "an asylum application is frivolous if any of its material elements is deliberately fabricated," and "the [I]mmigration [J]udge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20; *accord Matter of Y-L-*, 24 I&N Dec at 155. While this Board has a limited fact-finding function, we have authority pursuant to 8 C.F.R. § 1208.20, to make a determination that the respondent filed a frivolous asylum application. The Ninth Circuit has acknowledged the Board's authority set forth in this regulation. *See Fernandes*, 619 F.3d at 1076; *Khadka v. Holder*, 618 F.3d 996, 1001–02 (9th Cir. 2010); *Ahir*, 527 F.3d at 916–17.

However, we have also held that given the serious consequences of a frivolousness determination, before making such a finding the Immigration Judge should: (1) provide notice to the respondent of the consequences of filing a frivolous application; (2) make a specific finding that the respondent knowingly filed a frivolous application; (3) find sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) provide the respondent sufficient opportunity to account for any discrepancies in his claim. *Matter of Y-L-*, 24 I&N Dec. at 155; *see also Ahir*, 527 F.3d at 917 (adopting the Board's analytical framework in *Matter of Y-L-*). The Immigration Judge did not determine whether the *Matter of Y-L-* factors were satisfied in this case. Therefore, we will remand the record to the Immigration Judge to apply the framework in *Matter of Y-L-*. If the Immigration Judge determines that these requirements have been satisfied, she must make the necessary findings of fact and conclusions of law and determine whether the mandatory bar to relief applies in this case. Accordingly, the following orders will be entered.

**ORDER:** The DHS's appeal is sustained and the Immigration Judge's decision is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this opinion and the entry of a new decision.

*DISSENTING OPINION*: Anne J. Greer, Appellate Immigration Judge

I respectfully dissent. I conclude that Immigration Judges retain discretion over whether to initiate a frivolousness inquiry under *Matter of Y-L-*, 24 I&N Dec. 151, 155–60 (BIA 2007). In my view, an Immigration Judge is not required to engage in the frivolousness analysis, but may elect

to do so based on her independent judgment. The majority has created an unwarranted expansion of the application of the Immigration and Nationality Act's frivolousness provision, which is contrary to statute, regulations, and case law. I would uphold the Immigration Judge's judgment in this case and dismiss the appeal. By not doing so, we disable Immigration Judges from exercising their discretion in this regard.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent filed an asylum application containing false information with the United States Citizenship and Immigration Services ("USCIS") in August 2010. He appeared for two interviews before the asylum office. The asylum officer denied the respondent's application based on a lack of credibility and referred the case to the Immigration Court. The notice to appear was filed with the Immigration Court in July 2011. In removal proceedings during a master calendar hearing in November 2012, the respondent's counsel stated that the respondent would be seeking adjustment of status based on an approved family-based immigrant visa petition filed by his United States citizen wife.

At a reconvened master calendar hearing in June 2015, the Department of Homeland Security ("DHS") raised concerns about misrepresentations in the asylum application. The DHS observed that these concerns were clearly relevant to the respondent's admissibility for purposes of statutory eligibility to adjust his status and potentially relevant to a frivolousness finding. During his merits hearing on October 31, 2017, the respondent elected to proceed only with his application for adjustment of status and testified as to the falsity of his asylum application, which he had withdrawn.

At the conclusion of the hearing, the Immigration Judge set a new hearing date. She informed the parties that she would either issue a written decision addressing the respondent's adjustment of status application on the merits or reconvene the parties if she elected to undertake the inquiry for frivolousness, the result of which could render the respondent ineligible for adjustment of status.

On June 26, 2018, the Immigration Judge issued her written decision concluding that the respondent was inadmissible under section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (2018), for the material misrepresentations he had made in his asylum application. The Immigration Judge granted the respondent's applications for a waiver of inadmissibility under section 212(i) of the Act and adjustment of status. The Immigration Judge also concluded that she had discretion over whether to make a frivolousness determination and declined to do so.

## II.  ISSUE

The DHS does not challenge the Immigration Judge's grant of the section 212(i) waiver, including her determination of extreme hardship to the respondent's spouse and her conclusion that the respondent merits this waiver in the exercise of discretion.  The DHS also does not dispute the Immigration Judge's reasons for not initiating the frivolousness inquiry.  On appeal, the only contested issue is whether the Immigration Judge, when requested by the DHS, must make a frivolousness determination where the respondent has made a material misrepresentation in applying for asylum.[1] That, therefore, is the issue at hand.

## III.  GOVERNING STATUTORY AND REGULATORY PROVISIONS

I do not read section 208(d)(6) of the Act, 8 U.S.C. § 1158(d)(6) (2018), or the implementing regulations as mandating an Immigration Judge to initiate a frivolousness inquiry.  Section 208(d)(6) of the Act provides:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.

The statutory language relates the command "shall" to the consequences of making a frivolousness finding.  In other words, "[i]f" the Immigration Judge determines a frivolous application has been filed, certain consequences "shall" follow.  Section 208(d)(6) of the Act.  These consequences are that the noncitizen is "permanently ineligible for any benefits under this Act."  *Id*. Read in this way, the term "frivolous application" encompasses an evaluation resulting in a conclusion that applies to benefits under the Act.  The regulations, which provide that "an applicant is subject to the provisions of section 208(d)(6) of the Act only if a final order by an immigration judge or the Board of Immigration Appeals specifically finds that the alien knowingly filed a frivolous asylum application," support this view.  8 C.F.R. §§ 208.20, 1208.20 (2020).  The regulations similarly do not state that an Immigration

---

[1]  The majority treats this as if the DHS challenges the reasons that formed the basis for the Immigration Judge's determination not to proceed with the frivolousness inquiry.  That argument has been waived by the DHS.  *See Matter of Z-Z-O-*, 26 I&N Dec. 586, 586 n.1 (BIA 2015) (explaining that an issue not meaningfully challenged on appeal will be deemed waived); *cf. Osmani v. Garland*, 24 F.4th 617, 621–22 (7th Cir. 2022) (holding that the Board committed legal error in considering arguments raised by the DHS for the first time on appeal).

Judge must make the determination, but rather that consequences result from the determination once it is made. In the absence of a statutory or regulatory mandate, there is no reason to impose one and doing so results in severe consequences.

## IV. CASE LAW

This reading is consistent with the law reflecting a distinction between adverse credibility and frivolousness. Generally, an Immigration Judge will elect to conduct a frivolousness inquiry after she is presented with an asylum claim in immigration court that is deemed not credible and therefore denied for failure to meet the burden of proof. However, Immigration Judges do not necessarily apply the frivolousness standard where the claim fails for lack of credibility. It is axiomatic that "a finding of frivolousness does not flow automatically from an adverse credibility determination." *Yousif v. Lynch*, 796 F.3d 622, 629 (6th Cir. 2015) (citation omitted); *see also Matter of Y-L-*, 24 I&N at 156 (BIA 2007) (citing cases for the proposition that an adverse credibility finding does not automatically equate to a frivolousness determination).

In determining that the adjudicator retains discretion to engage in the frivolousness inquiry as a threshold issue, the United States Court of Appeals for the Second Circuit has recognized that an Immigration Judge may determine, based on the particular circumstances in a case, that an adverse credibility finding does not warrant a frivolousness inquiry. *Mei Juan Zheng v. Holder*, 672 F.3d 178, 186 (2d Cir. 2012) (stating that Immigration Judges are not compelled "to engage in a frivolousness inquiry anytime they suspect that the conditions for entering such a finding are present").

In my view, this is a classic question of judgment retained by the adjudicator. *See Matter of Avetisyan*, 25 I&N Dec. 688, 691 (BIA 2012) (discussing the need for Immigration Judges and Appellate Immigration Judges to "exercise independent judgment and discretion in considering and determining the cases coming before them"), *overruled by Matter of Castro-Tum*, 27 I&N Dec. 271 (A.G. 2018), *overruled by Matter of Cruz-Valdez*, 28 I&N Dec. 326 (A.G. 2021).

In addition to creating confusion about whether any material misrepresentation must lead to a frivolousness determination, the majority's analysis conflates frivolousness determinations with mandatory bars to asylum under sections 208(b)(2)(A)(i) through (vi) of the Act, which are specifically referenced under the regulations at 8 C.F.R. §1208.13(c)(1) (2020). Notably, the frivolousness provision is separate from these bars. Moreover, we are not addressing asylum eligibility in this case.

In a similar vein, we have recognized frivolousness determinations as distinct from the mandatory bars described under the regulations at 8 C.F.R. § 1240.8(d) (2021). In *Matter of Y-L-*, 24 I&N Dec. at 157, we specified that "[a] frivolousness finding, unlike a determination in regard to eligibility for a particular form of relief governed by 8 C.F.R. § 1240.8(d), is a preemptive determination which, once made, forever bars an alien from any benefit under the Act." In other words, the frivolousness determination generally follows after an Immigration Judge has found a noncitizen ineligible for asylum based on an adverse credibility finding. The frivolousness determination can also be made when the asylum application is withdrawn, as occurred here, and the noncitizen is questioned about the contents of the withdrawn application. *See Matter of X-M-C-*, 25 I&N Dec. 322, 325–26 (BIA 2010). Thereafter, the noncitizen is ineligible for other benefits under the Act, including adjustment of status, the relevant form of relief in this case. Section 208(d)(6) is a unique statutory provision with far-reaching implications, including its extension to applications outside the asylum context, and is different from provisions which are commonly recognized as statutory asylum bars.

I recognize the concerns about rampant fraud in immigration proceedings, which led to the enactment of the provisions for frivolous asylum applications under section 208(d)(6) of the Act. And, there is no controversy surrounding the nature and extent of the misrepresentations the respondent made in his asylum application in this case, as vividly described by the majority. There is also no dispute that a withdrawn asylum application can serve as the basis for a frivolousness determination. *See, e.g.*, *Kulakchyan v. Holder*, 730 F.3d 993, 996 (9th Cir. 2013); *Matter of X-M-C-*, 25 I&N Dec. at 325–27.

At the same time, the consequences that follow from a frivolousness determination are harsh and must stand up to scrutiny on judicial review. S*ee, e.g., Luciana v. Att'y Gen. of U.S.,* 502 F.3d 273, 284 (3d Cir. 2007) (granting the petition for review, finding that the application for asylum was not frivolous, and stating that "[b]ecause modern jurisprudence recognizes the importance of results, it would seem that the various [Immigration Judges] and the BIA should at least consider the consequences of the draconian penalty attached to a finding that the application for asylum is frivolous"). The caution that we be conscious of these consequences reflects that we retain discretion to impose them.

## V.  CONCLUSION

In my view, when an Immigration Judge elects to undertake the analysis set forth in our precedent under *Matter of Y-L-*, either independently or at the

request of the DHS, and determines that the application is frivolous, then the plain statutory language requires the entry of a frivolousness finding as part of the Immigration Judge's decision. But whether the Immigration Judge must conduct that analysis in the first place because the DHS requests it is a different question. This key distinction was recognized by the Second Circuit in stating that Immigration Judges "regularly exercise discretion when deciding whether to initiate a frivolousness inquiry." *Mei Juan Zheng*, 672 F.3d at 186.

Requiring the adjudicator, either independently or at the request of the DHS, to engage in this analysis because the respondent made a material misrepresentation upends current practice by creating a rigid structure not mandated by statute. It equates adverse credibility with frivolousness, which I view as conflicting with the case law. It also removes discretion from the Immigration Judge and transfers it to the DHS. Accordingly, the majority's interpretation constitutes an unwarranted expansion of the frivolousness provisions.

Although the majority casts this question in terms of whether an Immigration Judge may "ignore" a mandatory bar to asylum, the question is whether the Immigration Judge has the authority to make a judgment about pursuing a frivolousness inquiry. This Immigration Judge did not ignore a request from DHS to consider frivolousness. Rather, she entertained it and made an independent judgment not to proceed based on particular facts and circumstances in this case after deliberation. As discussed, the DHS did not question the judgment she made, which is a critical distinction; rather the DHS questions the ability of the Immigration Judge to make this judgment at all.[2]

I interpret the language and structure of the statute and development of relevant case law, combined with the sequencing of the frivolousness inquiry and its consequences, to demonstrate the discretionary nature of the frivolousness inquiry. And, absent any challenge to how the Immigration Judge exercised her discretion in this case, which I consider to have been waived, I would dismiss the appeal.

---

[2] The relevant factors for the Immigration Judge to assess in making a threshold determination whether to invoke the frivolousness inquiry are a separate issue not implicated by the posture of this case.