Wang v. McHenry

BIA
Cassin, IJ
A205 817 274

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

YIWEN WANG,

*Petitioner*,

v.                                                                         **23-6025**
                                                                          **NAC**

JAMES R. MCHENRY III, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONER:** Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Benjamin Mark Moss, Senior Litigation Counsel; Jaclyn E. Shea, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yiwen Wang, a native and citizen of the People's Republic of China, seeks review of a December 22, 2022 decision of the BIA affirming an October 5, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and concluding that she knowingly filed a frivolous asylum application. *In re Yiwen Wang*, No. A205 817 274 (B.I.A. Dec. 22, 2022), *aff'g* No. A205 817 274 (Immig. Ct. N.Y. City Oct. 5, 2018). We assume the parties'

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

2

familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, including adverse credibility determinations, "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and questions of law de novo, *Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The agency reasonably found Wang not credible as to her claimed fear of persecution for being a Jehovah's Witness, and the BIA did not err in concluding that she knowingly filed a frivolous asylum application based on her admission that she previously submitted a false asylum application alleging past persecution for practicing Christianity in China.

**A. Adverse Credibility Determination**

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the

3

statements were made), the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ reasonably relied on Wang's admission that she submitted an asylum application that falsely claimed that police beat her in China on account of her Christian faith and that she lied to U.S. immigration officials under oath during an asylum interview.  An asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."  *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *cf. Borovikova v. U.S. Dep't of Just.*, 435 F.3d 151, 157–58 (2d Cir. 2006) (concluding that the submission of a fraudulent document in support of an asylum application may, alone, constitute substantial evidence to support an adverse credibility determination).

4

Wang's fraudulent submission did not fall into one of the five circumstances that limits the "maxim falsus in uno, falsus in omnibus (false in one thing, false in everything)," which are when the applicant presents independently corroborated evidence, the false evidence or statements were necessary to escape persecution, the false evidence was unrelated to the applicant's claim, the false statement was made at an airport interview, or the applicant had no reason to know the evidence was false. *Siewe*, 480 F.3d at 170–71 (quotation marks omitted).

Having questioned Wang's credibility, the IJ reasonably relied further on her failure to rehabilitate her claim with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to credit unsworn statements from a witness to Wang's purported activities as a Jehovah's witness, a church, and her mother because she admitted having previously attended a Christian church to secure evidence to support her first false asylum application and the evidence submitted in support of her second application was similar. *See Siewe*, 480 F.3d at 170.

Given Wang's submission of a false application and her failure to reliably corroborate her new claim, the agency reasonably found her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Biao Yang*, 496 F.3d at 273; *Siewe*, 480 F.3d at 170; *Borovikova*, 435 F.3d at 157–58. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

**B. Frivolous Finding**

8 U.S.C. § 1158(d)(6) provides as follows: "If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received notice [of the consequences] . . . , the alien shall be permanently ineligible for" most immigration relief with the exception of withholding of removal under the Immigration and Nationality Act ("INA") and CAT relief. 8 U.S.C. § 1158(d)(6); *see also id.* § 1158(d)(4)(A); *Niang*, 762 F.3d at 253 ("A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." (quoting *Mei*

6

*Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008))). An asylum application is "frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20.[1] The BIA has set forth procedural safeguards that an IJ must follow in rendering a finding of frivolousness. *See Biao Yang*, 496 F.3d at 275 (quoting *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)); *see also* 8 U.S.C. § 1158(d)(4)(A) (requiring notice of consequences of filing frivolous application).

As an initial matter, contrary to Wang's contention, the BIA was permitted to consider whether she filed a frivolous application even though the Department of Homeland Security ("DHS") did not appeal the IJ's decision not to reach the issue, and the BIA did not engage in impermissible factfinding in doing so but rather relied on the IJ's factual findings and the record before it. *See Matter of M-M-A-*, 28 I. & N. Dec. 494, 501 (B.I.A. 2022) (noting that while the BIA "has a limited fact-finding function" as an appellate body, it has "authority pursuant to 8 C.F.R. § 1208.20, to make a determination that [an applicant] filed a frivolous asylum application"); *Hernandez v. Garland*, 66 F.4th 94, 101–02 (2d Cir. 2023) (rejecting argument that BIA conducted impermissible factfinding where "it cited only aspects of [petitioner's] conduct that the IJ referenced and that [petitioner]

---

[1] We cite the regulation in force when Wang filed her application.

affirmatively admitted"). Further, the BIA reasonably concluded that Wang knowingly filed a frivolous asylum application that made a material misrepresentation, and the BIA did not fail to adequately consider the procedural safeguards required for making such determination. The BIA relied on the IJ's findings that Wang admitted having deliberately fabricated evidence of religious practice and described untrue events in her first asylum application and at her asylum interview and reasonably concluded that those admissions demonstrated that she knowingly filed a false application. *See* 8 C.F.R. § 1208.20; *Matter of Y-L-*, 24 I. & N. Dec. 151, 156 (B.I.A. 2007) ("[A]n Immigration Judge's specific finding that a respondent deliberately fabricated a material element of his asylum claim constitutes a finding that he knowingly filed a frivolous asylum application."). And the BIA did not err in concluding that a material element of Wang's first asylum application was fabricated because her claim for asylum was based on her assertion that police detained and beat her for practicing Christianity, and she admitted to lying about both that incident and her practice of Christianity. *Ud Din*, 72 F.4th at 426 ("[F]alse claims of persecution . . . would naturally tend to influence an IJ in deciding whether to grant asylum and, thus, are properly deemed material."). Although the BIA did not explicitly address whether Wang

8

received notice of the consequences of filing a frivolous application and whether she was afforded sufficient opportunity to address the questionable aspects of her claim, the record establishes that both of those safeguards were satisfied. "We presume that [the agency] has taken into account all of the evidence . . . , unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Indeed, Wang received notice of the consequences of filing a frivolous application as evidenced by her signature under the frivolous finding warning on her asylum application and her signature under a second frivolous finding warning provided during her asylum interview. She did not assert a lack of notice during the numerous opportunities she was provided to address the issue of frivolousness (a pretrial conference, an affidavit in support of her second application, a legal memorandum addressing the issue, a merits hearing, and a brief on appeal to the BIA).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9