In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-3318

ILIR OSMANI,

*Petitioner*,

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent*.

———————————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A094-508-303

———————————

ARGUED SEPTEMBER 23, 2021 — DECIDED JANUARY 24, 2022

———————————

Before KANNE, WOOD, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. In 2019, the Department of Human Services ("DHS") sought to remove Ilir Osmani, a refugee of the Kosovo War, based on his criminal convictions and crimes of moral turpitude. An Immigration Judge ("IJ") granted Osmani's petition for an adjusted status under 8 U.S.C. § 1159(a) and for waiver under 8 U.S.C. § 1159(c). The Board of Immigration Appeals ("BIA") reversed the IJ's ruling based on new

arguments the government, after failing to take any position before the IJ or to provide any notice to Osmani, raised for the first time on appeal and denied Osmani's motion to remand for additional factfinding on the conditions in Kosovo.

We find the BIA legally erred by considering arguments the government did not present to the IJ, put Osmani on notice of, or develop any record evidence to support. In denying Osmani's motion to remand, the BIA also abused its discretion by engaging in impermissible factfinding. Accordingly, we grant Osmani's petition for review and remand to the BIA.

## I. Background

Petitioner Ilir Osmani, a native of the former Yugoslavia, fled the Kosovo War and was admitted to the United States as a refugee on June 25, 1999. Osmani was convicted for possession of illegal narcotics in 2019. On December 23, 2019, shortly after his release from jail on the narcotics conviction, DHS detained Osmani and placed him into removal proceedings. The government sought to remove Osmani to Kosovo based on a prior conviction for aggravated felony theft, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), commission of two or more crimes involving moral turpitude, *see* 8 U.S.C. § 1227(a)(2)(A)(ii), and his narcotics conviction, *see* 8 U.S.C. § 1227(a)(2)(B)(i).

The Immigration and Nationality Act ("INA") permits refugees to petition for legal permanent resident status. 8 U.S.C. § 1159. Osmani applied to adjust his status to legal permanent resident under 8 U.S.C. § 1159(a) on April 1, 2020. Aliens convicted of certain crimes, such as those involving moral turpitude or for violating narcotics laws, are ineligible for visas or admission into the United States. 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (II). Osmani's prior convictions

rendered him ineligible for adjustment. *See id*. For refugees seeking an adjusted status, however, the INA empowers the DHS or the Attorney General to waive bases of inadmissibility under §§ 1182(a)(2)(A)(i)(I), (II) "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." 8 U.S.C. § 1159(c). Osmani simultaneously sought a waiver of the grounds of inadmissibility under 8 U.S.C. § 1159(c). In support of his applications, Osmani submitted a pre-hearing statement, secondary sources detailing the conditions in Kosovo, and various affidavits, including those of his mother, brother-in-law, and psychologist, whom he also moved to present as live witnesses. Specific to his humanitarian argument, Osmani claimed he had no ties or documentation linking him to Kosovo, would be unable to support himself if removed, and was a member of a persecuted ethnic minority. The government neither submitted a pre-hearing statement nor espoused a position on Osmani's applications.

The Immigration Court held removal proceedings on May 12, 2020. Osmani testified to, and was cross-examined on, his family connections, drug use, and criminal history. Osmani did not testify about Kosovo or his related concerns. After confirming neither party had additional questions for Osmani, and before Osmani's mother, brother-in-law, or psychologist were presented for live testimony, the IJ informed Osmani he "d[id]n't really want to hear any additional evidence." The government responded "no" when the IJ asked if "there [was] anything the Government need[ed] to hear additionalwise [*sic*] [.]" The IJ then terminated any further development of the record, found the equities weighed in Osmani's favor, and orally granted Osmani both a § 1159(a) adjustment and a § 1159(c) waiver. In his oral decision, the IJ cited

Osmani's history of drug use, theft, domestic battery, and active protective order. Against these factors the IJ balanced Osmani's relationship with his family and Post-Traumatic Stress Disorder stemming from his childhood in Kosovo. Although Osmani submitted documents describing the current conditions in Kosovo, the IJ did not address this basis for waiver. This gap is likely the product of the IJ's readiness to rule before reaching such evidence during the hearing and its decision to terminate development of the record. Ultimately the IJ determined the equities weighed in favor of awarding a waiver and adjustment of status based on Osmani's "incredibly strong family ties in the United States and the nature of his criminal history." Without articulating a basis, the government reserved the right to appeal the IJ's decision.

After failing to take any position before the IJ, the government appealed the IJ's ruling on June 5, 2020, on two grounds. First, Osmani's family ties were insufficient to meet the statutory grounds for a waiver based on family unity under 8 U.S.C. § 1159(c). Second, the balance of equities disfavored awarding Osmani an adjustment and waiver under 8 U.S.C. §§ 1159(a) and 1159(c), respectfully. In the event the BIA sustained the government's appeal, Osmani sought remand both to supplement the evidentiary record with testimony of his mother, brother-in-law, and psychologist as well as to permit the IJ to make factual findings on the conditions in Kosovo.

The BIA sustained the government's appeal on November 2, 2020, concluding the equities did not support an adjustment of status and waiver. Based on its consideration of the record evidence in its de novo review, the BIA declined to remand to the IJ to supplement the record, including on the conditions in Kosovo.

Osmani petitioned for review of the BIA's order on December 1, 2020. On April 23, 2021, Osmani was removed to Kosovo.[1]

## II. Discussion

Osmani makes three arguments on appeal. First, the BIA failed to consider the IJ's findings regarding Osmani's rehabilitative efforts. Second, the BIA improperly considered arguments raised initially on appeal. Third, the BIA improperly denied remand to allow presentment of live witness testimony and factual findings on the conditions in Kosovo. Because the second and third require remand, we reach only these grounds.

### A. Jurisdiction and Standard of Review

Before turning to the merits, we must first address our jurisdiction over Osmani's petition. Federal courts may review final orders directing removal of an alien. 8 U.S.C. § 1252(a). Where, as here, the alien is "removable by reason of having committed a criminal offense covered in [§§ 1227(a)(2)(A)(ii)–(iii), 1227(a)(2)(B)]," 8 U.S.C. § 1252(a)(2)(C), jurisdiction is limited to "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). *Fuller v. Whitaker*, 914 F.3d 514, 519 (7th Cir. 2019).

Osmani raises two questions of law. First, Osmani claims the BIA ignored binding precedent and exceeded the scope of its appellate review by considering arguments the

---

[1] Despite Osmani's removal, we retain jurisdiction over the present petition as Osmani continues to "have a 'personal stake in the outcome'" and could still benefit from a decision in his favor. *Peralta-Cabrera v. Gonzales*, 501 F.3d 837, 842–43 (7th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998)); *see also Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006).

government raised initially on appeal. Both aspects of this argument are subject to our review. *See Aparicio-Brito v. Lynch*, 824 F.3d 674, 686 (7th Cir. 2016) ("A legal question arises when the Board misinterprets … its own precedent[.]"); *Avila-Ramirez v. Holder*, 764 F.3d 717, 722 (7th Cir. 2014) ("An argument that the BIA has exceeded the scope of review … is a legal question[.]"). Second, Osmani argues the BIA exceeded the scope of its review by engaging in improper factfinding when it declined to remand to the IJ to supplement the evidentiary record on the conditions in Kosovo. We do not need to decide whether Osmani's related claim—the BIA improperly declined to remand to allow the IJ to hear additional, live testimony—raises a cognizable procedural issue (and hence a question of law). The INA permits us to "ensure that the Board consider[ed] all relevant evidence." *Joseph v. Lynch*, 793 F.3d 739, 741 (7th Cir. 2015); s*ee* 8 U.S.C. § 1252(a)(D)(2). Given the odd way Osmani's hearing unfolded, however, he never elaborated (or needed to elaborate) on what evidence his mother, brother-in-law, or psychologist would have offered in addition to and beyond that which was already contained in the record. But that is not the central problem before us. It is enough here for us to address the question of whether the BIA considered novel arguments and improperly denied remand.

We review legal questions de novo and, where an agency commits legal error, will generally remand the decision to the agency for proceedings under the correct legal framework. *Najera-Rodriguez v. Barr*, 926 F.3d 343, 350 (7th Cir. 2021) (applying de novo review to issues for which 8 U.S.C. § 1252(a)(2)(D) confers jurisdiction); *Estrada-Martinez v. Lynch*, 809 F.3d 886, 894 (7th Cir. 2015). We review the BIA's decision to deny remand for abuse of discretion and will

reverse "only if the Board's decision '… rested on an impermissible basis.'" *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 681 (7th Cir. 2021) (quoting *Alvarez-Espino v. Barr*, 959 F.3d 813, 817 (7th Cir. 2020)).

**B. Consideration of New Arguments on Appeal**

The BIA has "long held" it "generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (BIA 2018); *see also Matter of J-J-G-*, 27 I. & N. Dec. 808, 814 n.8 (BIA 2020). Regulation obligates the BIA to abide by this practice. 8 C.F.R. § 1003.1(g). Failure to do so warrants remand. *See Avila-Ramirez*, 764 F.3d at 725.

This case presents a highly unusual procedural posture. The government lost before the IJ, appealed to the BIA, and raised new arguments for the first time on appeal. The government suggests only the party with the burden of proof—here, Osmani—is limited on appeal to arguments presented to the IJ. Nothing in BIA precedent suggests this limitation is unilateral, applying only to applicants or the party with the burden of proof. We decline the government's invitation to reimagine BIA precedent in this manner. Precedent restricted the BIA's review to those arguments the government presented to the IJ.

The government took no position on Osmani's applications before the IJ. Although not obligated to do so, the government did not avail itself of the opportunity to file a prehearing statement. While the government questioned Osmani about his family, criminal history, and drug use, it never suggested the negative equities outweighed the positive. The government declined the IJ's pre-ruling invitation to question

Osmani further. After the IJ ruled, the government merely stated its desire to preserve the right to appeal without specifying what grounds it might raise. At no point during the proceeding before the IJ did the government indicate it objected to Osmani's applications, why it did so, or suggest Osmani failed to meet his burden.

The government raised two new challenges to the IJ's decision before the BIA. First, the government contended the IJ erred as a matter of law in granting Osmani a waiver under 8 U.S.C. § 1159(c) based on family unity. Osmani, the government argued, failed to provide sufficient evidence of the existence of a family unit. Second, the government claimed the IJ erred as a matter of discretion in balancing the positive and negative equities. According to the government, Osmani's criminal and drug history outweighed any positive equities favoring his applications. These arguments comprised the entirety of the government's appeal before the BIA. While it might have, the government advanced neither of these positions before the IJ.

Established BIA caselaw precludes "consider[ation of] an argument or claim that could have been, but was not, advanced before the Immigration Judge" by *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. at 190. The BIA accepted the government's second argument—that the IJ improperly balanced the equities—and reversed the IJ, finding "the adverse factors outweighed the positive factors in this case." In doing so, the BIA committed legal error.

## C. Denial of Motion to Remand

The BIA further erred in denying Osmani's request to remand to the IJ for additional factfinding on the conditions in

Kosovo. From the inception of removal proceedings, Osmani expressed concerns about removal to Kosovo. At group removal proceedings held on February 14, 2020, Osmani informed the IJ he feared persecution and torture if returned to Kosovo. Humanitarian concerns arising out of the conditions in Kosovo constituted one of the bases for Osmani's application for a waiver under 8 U.S.C. § 1159(c). Specifically, in his pre-hearing statement, Osmani claimed he lacked ties or documentation linking him to Kosovo, would be unable to support himself if removed, and feared ethnic persecution. In support of his contentions, Osmani appended various secondary sources detailing the conditions in Kosovo to his statement. Nevertheless, neither Osmani's humanitarian claims nor the conditions in Kosovo came up during removal proceedings before the IJ. The IJ did not reference Osmani's humanitarian argument or make any findings whatsoever as to the conditions in Kosovo when deciding to grant adjustment and waiver.

The government suggests Osmani, as the applicant, was responsible for affirmatively completing the record before the IJ. The unusual, possibly unique, posture of this case placed Osmani in an untenable position. Without reaching Osmani's argument about Kosovo, the IJ informed Osmani it did not want to hear additional evidence and was prepared to rule in Osmani's favor. Osmani could not be expected to appeal his victory before the IJ on the basis of an incomplete record. The government's failure to preview the grounds for its objections on appeal, or hint it thought Osmani failed to satisfy his burden, compounded the problem. With no indication the government believed the balance of equities weighed against his applications, Osmani had no notice supplementation was necessary. Only on appeal, where the BIA determined the

equities cut against Osmani's applications and ordered his removal, could Osmani fully appreciate the indispensable role his evidence and testimony about the conditions in Kosovo might play. The timing of the IJ's decision, combined with the absence of notice of the government's objections, deprived Osmani of the benefit of fully presenting an alternative and independent basis for adjustment of status and waiver which might have altered the outcome on appeal. In effect, because Osmani succeeded before the IJ but then lost before the BIA on appeal, he won too soon and on an underdeveloped record.

Despite the abridged record, and despite the absence of factfinding by the IJ, the BIA denied Osmani's motion to remand. The BIA cited its "de novo review" of "the evidence in the record" in determining "the record should [not] be remanded to the Immigration Judge for further consideration of evidence in this case [on] … conditions in Kosovo[.]" By engaging in de novo review of undeveloped record evidence on the conditions in Kosovo (which the IJ did not consider and upon which made no findings), the BIA engaged in impermissible factfinding and exceeded the scope of its appellate review. 8 C.F.R. § 1003.1(d)(3)(iv)(A); *Wood v. Mukasey*, 516 F.3d 564, 569 (7th Cir. 2008) ("[T]he BIA … may not itself engage in fact-finding[.]"). As the BIA's decision to deny remand to the IJ to develop the record on the conditions in Kosovo arose from improper factfinding, the decision rests on an impermissible basis and constitutes an abuse of discretion. *Meraz-Saucedo*, 986 F.3d at 681 (quoting *Alvarez-Espino*, 959 F.3d at 817). The government, by failing to take an affirmative position on Osmani's applications before the IJ, present arguments, provide any notice, or preview the grounds upon

which it hoped to appeal, abandoned any opportunity to engage in factfinding or offer new evidence on remand.

### III. Conclusion

The BIA legally erred by considering positions the government first raised on appeal. Furthermore, the BIA engaged in impermissible factfinding on the conditions in Kosovo, rendering its decision to deny remand an abuse of discretion. Accordingly, we GRANT the petition for review; VACATE the Board's decision in this case; and REMAND to the BIA for further proceedings consistent with this opinion.