# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

————————

No. 19-60355

————————

Leon Santos-Zacaria, *also known as* Leon Santos-Sacarias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 372 949

———————————————————

## ON REMAND FROM
## THE SUPREME COURT OF THE UNITED STATES

Before Clement, Richman, and Higginson, *Circuit Judges.*

Per Curiam:[*]

On remand from the Supreme Court,[1] we are tasked with reviewing petitioner Leon (Estrella) Santos-Zacaria's remaining arguments in support

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).

of her petition for review.  We grant the petition in part, deny the petition in part, and remand.

## I

Santos-Zacaria (Santos), a native and citizen of Guatemala, is a transgender woman attracted to men.  When the Government sought to reinstate a removal order against her, Santos applied for withholding of removal and protection under the Convention Against Torture (CAT).  In the subsequent immigration proceeding, she testified that she was raped by a neighbor in Guatemala when she was twelve years old for being gay.  She asserted that she would not be safe anywhere in Guatemala because of her sexual orientation and gender identity.

The immigration judge (IJ) determined that Santos was credible.  The IJ nevertheless denied Santos's application for withholding of removal because the rape was insufficient to establish past persecution.  The IJ also denied Santos's claim for relief under the CAT.  Santos appealed to the Board of Immigration Appeals (BIA).

The BIA dismissed her appeal.  The BIA concluded that the rape was sufficiently severe to rise to the level of past persecution on account of membership in a particular social group.  Accordingly, the BIA acknowledged that Santos was entitled to a presumption that she would face future persecution on account of her homosexuality or transgender identity.

The BIA then determined that the presumption of future persecution was rebutted.  The BIA pointed out that the rape occurred eighteen years prior, that Santos had long lived outside Guatemala, and that she did not know her attacker's current whereabouts.  It stated that Santos would be allowed to change her gender to female in Guatemala, that she could safely relocate within Guatemala, and that homosexuality is not a crime there.  The BIA then explained that because Santos did not report the rape to

No. 19-60355

Guatemalan authorities, the evidence did not reflect whether the government of Guatemala would be unable or unwilling to protect Santos. The BIA therefore concluded that Santos had not demonstrated eligibility for withholding of removal.

The BIA also affirmed the IJ's determination that Santos had not demonstrated eligibility for protection under the CAT. Santos petitioned for review.

In our initial panel decision, we denied the petition in part and dismissed in part for lack of jurisdiction.[2] We held that, under 8 U.S.C. § 1252(d)(1), we lacked jurisdiction to consider Santos's arguments that the BIA (1) engaged in impermissible factfinding and (2) inadequately analyzed her claim for CAT relief.[3] We also held that there was substantial evidence to support the BIA's conclusion that Santos could safely relocate within Guatemala.[4]

The Supreme Court granted certiorari and reversed in part.[5] It held that § 1252(d)(1) is not jurisdictional.[6] The Court further explained that a motion for reconsideration or reopening before the BIA is not required for an alien to "exhaus[t] all administrative remedies available to the alien as of

---

[2] *Santos-Zacaria v. Garland*, 22 F.4th 570, 575 (5th Cir. 2022), *vacated in part*, 143 S. Ct. 1103 (2023).

[3] *Id.* at 573-75.

[4] *Id.* at 573-74.

[5] *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).

[6] *Id.* at 1112.

right" under § 1252(d)(1).[7]  The Court vacated the portion of this court's judgment "dismissing Santos-Zacaria's petition for review" and remanded.[8]

## II

Santos contends that there were procedural errors with the BIA's dismissal of her application for withholding of removal.  "This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA."[9]

"To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return."[10]  "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion."[11]

With respect to Santos's application for withholding of removal, the remaining question in this case is whether the BIA's dismissal of Santos's appeal had procedural defects.  Santos argues there were two: (A) the BIA impermissibly found facts, contrary to BIA regulations; and (B) the BIA failed to address Santos's pattern-or-practice claim.  We address each of these arguments in turn.

---

[7] *Id.* at 1116-17 (alteration in original) (quoting 8 U.S.C. § 1252(d)(1)).

[8] *Id.* at 1120.

[9] *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

[10] *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (per curiam) (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)).

[11] *Id.*

No. 19-60355

## A

Santos contends that the BIA improperly found facts while resolving her past-persecution claim. As our sister circuits have recognized, whether the BIA failed to follow its regulations by impermissibly finding facts is a question of law.[12] We review questions of law de novo.[13]

Under 8 C.F.R. § 1208.16(b)(1)(i), "[i]f the applicant is determined to have suffered past persecution" on account of specified bases, "it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim."[14] However, that presumption may be rebutted if "an asylum officer or immigration judge finds by a preponderance of the evidence" one of two things.[15] First, "[t]here has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the" protected grounds.[16] Second, "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so."[17]

Regulations governing BIA review direct that "the Board will not engage in factfinding in the course of deciding appeals."[18] Santos contends

---

[12] *See, e.g.*, *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010) (per curiam); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).

[13] *Aviles-Tavera v. Garland*, 22 F.4th 478, 482 (5th Cir. 2022).

[14] 8 C.F.R. § 1208.16(b)(1)(i).

[15] *Id.*

[16] *Id.* § 1208.16(b)(1)(i)(A).

[17] *Id.* § 1208.16(b)(1)(i)(B).

[18] *Id.* § 1003.1(d)(3)(iv) (2020). The parties point out that § 1003.1(d)(3)(iv) and its surrounding provisions have, since the BIA's adjudication of Santos's appeal, been

that the BIA contravened this regulation by finding that the presumption of future persecution to which she was entitled was rebutted. In her view, the BIA violated this regulation by failing to remand to the IJ to determine whether the presumption was rebutted.

The Government responds that whether the presumption of future persecution has been rebutted is a legal question. It argues that the regulation prohibits only "the taking of new evidence on appeal or the consideration [of] extra-record materials." Contending that the BIA did no more than consider undisputed evidence, the Government avers that the BIA did not contravene its regulations.

We disagree. In addition to "develop[ing] a record" and "gather[ing] new information," factfinding also includes "cho[osing] between disputed facts."[19] The BIA identified several facts in support of its conclusion that

---

amended by rule, but they aver that the pre-amendment regulations control. *See* Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81588 (Dec. 16, 2020). We agree. The rule amending the relevant regulations directs that "[t]he provisions of the rule applicable to appellate procedures and internal case processing at the BIA apply only to appeals filed . . . or cases remanded to the Board by a Federal court on or after the effective date of the final rule." *Id.* Because the BIA adjudicated Santos's appeal in 2019, before the Department of Justice promulgated the amendment, the pre-amendment regulations govern our review. *Cf. Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[A]dministrative rules will not be construed to have retroactive effect unless their language requires this result.").

[19] *Hammerschmidt v. Garland*, 54 F.4th 282, 290 (5th Cir. 2022); *see also Fact-finding*, BLACK'S LAW DICTIONARY (8th ed. 2004) (defining factfinding as "[t]he process of taking evidence to determine the truth about a disputed point of fact"); *Padmore v. Holder*, 609 F.3d 62, 68 (2d Cir. 2010) (per curiam) (agreeing that the BIA engages in impermissible factfinding when its decision is "based on disputed material facts with respect to which the IJ reached no resolution . . . and which the BIA analyzed in such a way as to constitute independent factfinding"); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding.").

the presumption of future persecution had been rebutted. Some of these facts, including that Santos had been raped eighteen years prior when she was a child, were undisputed. But other facts on which the BIA relied were neither undisputed nor found by the IJ. The BIA stated that Santos "acknowledged that [she] would be legally allowed to change [her] gender to female in Guatemala and that [she] would be able to safely relocate within Guatemala." The IJ made no finding about either of those assertions. Both were contested in Santos's proceeding.

As to the assertion that Santos could legally change her gender to female in Guatemala, the BIA cited Santos's testimony for this proposition. She answered "Yes" when asked "Doesn't Guatemala even let you register yourself as a woman if you want to be a woman now legally?" But a Department of State country-conditions report on Guatemala submitted by Santos in support of her application stated: "officials still barred transgender individuals from obtaining identification documents that reflected a different gender." The IJ did not choose between these disputed facts, and the BIA was prohibited from doing so.

As to the BIA's assertion that Santos would be able to safely relocate within Guatemala, the BIA cited Santos's testimony for this proposition as well. On cross-examination, an attorney for the Government asked Santos: "But if you know of cities that are open to gay and lesbian and transgender lifestyles you would rather move to those cities than the one you lived in correct?" Santos responded: "Yes, probably there is another place where I can live down there but I don't but I try to stay here to get this protection because besides that I have a brother living here so I'm trying to have him help me." This exchange occurred after Santos repeatedly expressed her belief that Guatemala is unsafe for gay and transgender people. She said: "I know we have protection here but not down there," and "I don't know where to go down there." That was consistent with Santos's testimony on direct

examination. Her attorney asked her: "Is there anywhere that you think that you could safely live in Guatemala?" Santos replied: "No. That whole country Guatemala it's going to be the same for me because there is no police in—anywhere that is going to protect me so I'm not going to get what I'm looking for . . . ." An expert report on conditions in Guatemala proffered by Santos further supported Santos's view. For example, the report stated that "hate crimes against LGBT members are condoned by the public, state and private institutions, and government officials." It also stated that "29% of transgender woman [sic] have stated that police officers were the principal agents of violence and discrimination against them." Whether Santos could safely move elsewhere in Guatemala was one of the most hotly contested issues in her proceeding. BIA regulations prohibit the Board from finding that fact in the first instance.

The Government contends that BIA used this "additional evidence" only to confirm its decision that the presumption of future persecution had been rebutted, which the BIA made based solely on the IJ's findings. We disagree. After stating its conclusion, the BIA stated several supportive facts—some found by the IJ, others not. The BIA did not suggest that some facts were essential to its conclusion while others were merely confirmatory. Nor did the BIA indicate whether its conclusion was based on a fundamental change in circumstances or on Santos's purported ability to relocate reasonably within Guatemala.[20] "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."[21] The BIA's decision reflects that it hinged its decision, in part, on disputed facts, engaging in prohibited factfinding.

---

[20] 8 C.F.R. § 1208.16(b)(1)(i).

[21] *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).

No. 19-60355

The Government also cites the First Circuit's decision in *Rotinsulu v. Mukasey*.[22]  There, the First Circuit denied a petition for review that contended the BIA had engaged in impermissible factfinding.[23]  The petitioner claimed that the BIA found, in the first instance, that death threats he had received did not amount to past persecution.[24]  The First Circuit disagreed, holding that the IJ had implicitly found that the petitioner had not established past persecution.[25]  The court then proffered "a second reason why [it] deem[ed] the petitioner's contention unconvincing: it misconstrues the regulation in question," which the court explained "was not intended to restrict the BIA's powers of review, including its power to weigh and evaluate evidence introduced before the IJ."[26]  The First Circuit concluded that "the BIA did not supplement the record by considering new evidence but, rather, merely analyzed the evidence that had been presented in the immigration court."[27]

The sole evidence in *Rotinsulu*, however, appears to have been the petitioner's "unrebutted" testimony.[28]  The First Circuit's dicta accepted that the BIA could determine whether that evidence met the legal standard for past persecution.  A question is considered to be a "mixed question[] of law and fact" when "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory

---

[22] 515 F.3d 68 (1st Cir. 2008).

[23] *Id.* at 72.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 73.

[27] *Id.*

[28] *See id.* at 71.

standard."[29]   Since, in this case, the evidence was disputed, we need not answer whether the fundamental-change-in-circumstances or the reasonable-relocation determinations constitute factfinding when the factual record is undisputed.

Finally, the Government contends that our prior panel opinion, which held that substantial evidence supported the BIA's determination that Santos could reasonably relocate within Guatemala, is law of the case that forecloses relief.[30]   We disagree.   Our decision today resolves Santos's impermissible-factfinding argument—an argument we previously held we did not have jurisdiction to consider.[31]   That the BIA's decision was "supported by record evidence" and "substantially reasonable" does not answer whether the BIA violated its regulations by impermissibly finding facts.[32]

Because the BIA violated its regulations by impermissibly finding facts, we, consistently with our sister circuits, remand to the BIA.[33]

## B

Santos contends that the BIA further erred by failing to address her pattern-or-practice claim.   A pattern-or-practice claim is another means—in

---

[29] *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982).

[30] *See Winfrey v. Rogers*, 901 F.3d 483, 491 (5th Cir. 2018) (describing the law of the case doctrine).

[31] *Santos-Zacaria v. Garland*, 22 F.4th 570, 573 (5th Cir. 2022), *vacated in part*, 143 S. Ct. 1103 (2023).

[32] *See Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

[33] *See, e.g.*, *Osmani v. Garland*, 24 F.4th 617, 623 (7th Cir. 2022) (remanding after holding that the BIA had impermissibly found facts); *Rodriguez v. Holder*, 683 F.3d 1164, 1173, 1177 (9th Cir. 2012) (same); *Nabulwala v. Gonzalez*, 481 F.3d 1115, 1118-19 (8th Cir. 2007) (same).

addition to demonstrating qualifying past persecution—of establishing eligibility for withholding of removal.[34]  To establish eligibility on this basis, the applicant must "establish that it is more likely than not that he or she would be persecuted on account of" specified characteristics "upon removal."[35]  The applicant need not

> provide evidence that he or she would be singled out individually for such persecution if:
>
> > (i) The applicant establishes that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion; and
> >
> > (ii) The applicant establishes his or her own inclusion in and identification with such group of persons such that it is more likely than not that his or her life or freedom would be threatened upon return to that country.[36]

The Government admits that the BIA "did not directly address Santos's argument."  But the Government contends that the BIA did not need to address the pattern-or-practice claim because the BIA's past-persecution finding rendered the pattern-or-practice claim moot.

We disagree.  The central question is "whether the BIA's decision 'deprive[s] [us] of a reasoned basis for review.'"[37]  The BIA's decision here did.  The BIA never addressed Santos's pattern-or-practice claim, which is

---

[34] 8 C.F.R. § 1208.16(b).

[35] *Id.* § 1208.16(b)(2).

[36] *Id.*

[37] *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (alteration in original) (quoting *Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003)).

an alternative path to eligibility for withholding of removal.[38]  The BIA may ultimately agree with the Government that the past-persecution finding renders the pattern-or-practice inquiry moot.  Certainly, "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."[39]  Concluding that Santos was ineligible for withholding of removal, however, required rejecting her pattern-or-practice claim.[40]  "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."[41]  Because the BIA said nothing about Santos's claim, we remand it to the BIA.

## III

Finally, Santos contends that the BIA failed to provide a reasoned explanation for denying her CAT claim.  An applicant is entitled to withholding of removal under the CAT if she establishes "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."[42]  The torture must be "by, or with the acquiescence of, government officials acting under the color of law."[43]

---

[38] *See* 8 C.F.R. § 1208.16(b).

[39] *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

[40] *Cf. Qorane v. Barr*, 919 F.3d 904, 909-10 (5th Cir. 2019) (reviewing the BIA's rejection of a pattern-or-practice claim after concluding that substantial evidence supported its rejection of a past-persecution claim).

[41] *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).

[42] 8 C.F.R. § 1208.16(c)(2), (4).

[43] *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (quoting *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010)).

No. 19-60355

In our prior panel opinion, we held that the IJ had adequately explained its rejection of Santos's CAT claim.[44] The IJ stated: "The respondent also has not demonstrated that if removed to Guatemala [Santos] would more likely than not be tortured in the future by or with the acquiescence of the officials of the government of Guatemala. Therefore, [Santos's] request for relief under the Convention [A]gainst Torture will be denied." Noting that the decision "set out the pertinent law and relevant facts surrounding Santos's claim for relief under the CAT," we explained that the IJ "adequately conveyed the reasoning behind denying the claim."[45]

The BIA's explanation was adequate too. The BIA said:

We also affirm the Immigration Judge's determination that the applicant has not established eligibility for protection under the Convention Against Torture because [she] has not demonstrated that [she] is more likely than not to be tortured in Guatemala, by or with the acquiescence (including willful blindness) of a public official upon [her] return . . . . Based on the entirety of the record, we discern no clear error in the Immigration Judge's finding that the applicant has not demonstrated that it is more likely than not that [she] would be tortured upon return to Guatemala.

We understand the BIA to have incorporated the IJ's reasons for denying Santos's CAT claim. In *Gonzales-Veliz v. Barr*,[46] we considered a failure-to-explain argument similar to Santos's. There, the BIA stated: "there [was] insufficient reason to disturb the denial of the applicant's request for protection under the [CAT], on the basis of the [IJ's] conclusion that she

---

[44] *Santos-Zacaria v. Garland*, 22 F.4th 570, 575 (5th Cir. 2022), *vacated in part*, 143 S. Ct. 1103 (2023).

[45] *Id.*

[46] 938 F.3d 219 (5th Cir. 2019).

did not meet her burden . . . ."[47] We explained that "[t]he BIA's statement can fairly be read as incorporating the IJ's opinion."[48] So too here. Contrary to Santos's assertion, the BIA's decision evinces a reliance on the IJ's reasoning rather than employing its own reasoning. The BIA did not fail to adequately explain its decision.

\* \* \*

For the foregoing reasons, we GRANT the petition with respect to Santos's application for withholding of removal under 8 C.F.R. § 1208.16(b) and REMAND for further proceedings. We DENY the petition with respect to Santos's CAT claim. Additionally, we DENY Santos's motion for oral argument in light of the United States Supreme Court's remand, which was carried with the case.

---

[47] *Id.* at 225 (alterations in original).

[48] *Id.*