# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

———————

No. 25-60181
Summary Calendar

———————

Yessica Michell Gonzalez Soriano,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 445 465

———————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

     Yessica Michell Gonzalez Soriano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an Immigration Judge's (IJ) denying her: asylum; withholding of removal; and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60181

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and CAT relief, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this demanding standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Soriano contends the BIA erred in concluding she was ineligible for asylum or withholding of removal because she failed to establish the requisite nexus between the harms she suffered and her claimed particular social groups (PSG). The BIA denied asylum and withholding without reaching the cognizability of her claimed PSGs—all of which are tied to her status as a Mexican female and her familial connection to her father. *E.g.*, *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (explaining nexus element requires protected ground not "be incidental, tangential, superficial, or subordinate to another reason for harm" (citation omitted)).

The BIA determined the harm Soriano suffered at the hands of her father, grandmother, and cousins was not sufficiently tied to a protected ground for relief. Because substantial evidence supports this conclusion, the BIA did not err in rejecting her asylum and withholding claims on account of her failure to establish the requisite nexus. *E.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021) (noting applicant for asylum or withholding of removal must show claimed PSG "was or will be at least one central reason for persecuting the applicant" (citation omitted)). Therefore, we need not consider her remaining contentions regarding these claims. *See Santos-Zacaria v. Garland*, 126 F.4th 363, 371 (5th Cir. 2025) ("[A]s a general

2

rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach". (citation omitted)).

Additionally, Soriano acknowledges her assertion that the nexus standard is more relaxed for a withholding claim is foreclosed in this circuit. *See Vazquez-Guerra*, 7 F.4th at 271 ("The standard for obtaining withholding of removal is even higher than the standard for asylum". (citation omitted)). She raises the issue only to preserve it for possible further review.

Regarding CAT relief, an applicant must show: she more likely than not would suffer torture if returned to her home country; and sufficient state action would be involved in that torture. *E.g.*, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). Substantial evidence supports the BIA's concluding Soriano failed to establish state action. *E.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019) ("[A] government's inability to protect its citizens does not amount to acquiescence [under CAT]."). Accordingly, we do not reach whether she would be subjected to torture if returned to Mexico or whether she could relocate there. *See Santos-Zacaria*, 126 F.4th at 371.

DENIED.