**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2456
_____

ASIMAN MANSIM OGLU SADIGOV,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A219-045-444)
Immigration Judge: David Cheng
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: March 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Asiman Mansim Oglu Sadigov, proceeding pro se, petitions for review of a decision by the Board of Immigration Appeals ("Board"). The Government moves to dismiss the petition for review for lack of jurisdiction. We will dismiss the petition for review in part and deny it in part.

I.

Sadigov, originally from Azerbaijan, became a lawful permanent resident of the United States. Later, he was convicted in Pennsylvania for unlawful contact with a minor, a sexual offense, and indecent assault against a person less than sixteen years of age. The Government charged him with removability for being convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect or child abandonment, *see* 8 U.S.C. § 1227(a)(2)(E)(i), and an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), as defined in § 1101(a)(43)(A) (sexual abuse of a minor). An Immigration Judge ("IJ") sustained the removability charge under only § 1227(a)(2)(E)(i).

The parties and the IJ agreed that Sadigov was statutorily eligible for cancellation of removal under 8 U.S.C. § 1229b(a). After a hearing, the IJ denied Sadigov's pro se application for cancellation of removal as an act of discretion. The IJ found that the negative factors, such as Sadigov's convictions, his history of domestic violence, and his failure to provide financial support to his family, weighed heavily against cancellation of removal. On appeal, the Board of Immigration Appeals likewise found that Sadigov did not warrant cancellation of removal as a matter of discretion. The Board acknowledged

2

the positive factors, including his long residence in the United States, his employment, and the hardships that his wife and daughter would face upon his removal, but it determined that Sadigov failed to produce "countervailing evidence that outweigh[ed] the seriousness of his criminal conduct."

Sadigov timely filed a petition for review, and the Government filed a motion to dismiss the petition for lack of jurisdiction.

## II.

Generally, we lack jurisdiction to review the discretionary denial of an application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024); *Patel v. Garland*, 596 U.S. 328, 347 (2022). But we retain jurisdiction to review "constitutional claims or questions of law" that are raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). "The question of our jurisdiction over a colorable legal claim does not turn on whether that claim is ultimately meritorious[,]" but "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010). "[Q]uestions of law" include inquiries into whether the Board applied the correct standard of review or burden of proof. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012). We review such claims de novo. *See id.*

Sadigov first contends that the Board applied the wrong legal standard when considering the seriousness of his crimes. The basis for Sadigov's argument is that the Board improperly considered his conviction for unlawful contact with a minor in its

3

discretionary analysis because the IJ did not sustain his removal charge under 8 U.S.C. § 1227(a)(2)(A)(iii) for sexual abuse of a minor. But the IJ sustained his removal under 8 U.S.C. § 1227(a)(2)(E)(i), determining that both his indecent assault and unlawful-contact-with-a-minor convictions were categorically crimes of child abuse, neglect, or abandonment. In any event, when weighing the positive and negative factors in support of and against cancellation of removal, the Board is not limited to considering the circumstances of the removal ground at issue; it may also consider the noncitizen's overall criminal history and other character evidence. *See, e.g.*, *Solano-Chicas v. Gonzales*, 440 F.3d 1050, 1055 (8th Cir. 2006); *see also In re C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998) (explaining that the factors deemed adverse to a noncitizen include "the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability").

Sadigov also argues that the Board failed to consider mitigating factors when assessing the seriousness of his crimes. He points to factors that the agency considers when determining whether a conviction was a "particularly serious crime" such that it bars asylum and withholding of removal. *See Amos v. Att'y Gen.*, 157 F.4th 313, 327–28 (3d Cir. 2025). That inquiry is inapplicable to Sadigov's application for cancellation of removal. Essentially, Sadigov argues that the Board overstated the seriousness of his conduct. That is a disagreement with the Board's exercise of discretion in rendering its decision, which we lack jurisdiction to review. *See Wilkinson*, 601 U.S. at 225 n.4.

4

Next, Sadigov asserts that the Board did not properly apply clear-error review to the IJ's factual findings because it "engaged in its own independent factfinding." *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv). Particularly, Sadigov argues that the Board found a new fact about the circumstances leading to his convictions. "[W]hether the [Board] failed to follow its regulations by impermissibly finding facts is a question of law." *Santos-Zacaria v. Garland*, 126 F.4th 363, 367 (5th Cir. 2025); *see also Roye*, 693 F.3d at 339. But the Board did not do that here. The Board discussed a fact from the police's criminal complaint, which was part of the record and considered by the IJ. That was permissible and not a violation of clear-error review. *Cf. Adeyanju v. Garland*, 27 F.4th 25, 49 (1st Cir. 2022) (explaining that the Board "has the authority to review the undisputed facts in the entire record"); *Hammerschmidt v. Garland*, 54 F.4th 282, 290 (5th Cir. 2022) (rejecting Petitioner's impermissible-fact-finding argument because she did not allege, and the Board decision did not show, that the Board "developed a record, gathered new information, or chose between disputed facts").

Sadigov also argues that the Board did not adequately consider the hardship that his family would face upon his removal. A Board decision that "completely ignore[s] the evidence" may raise a question of law. *See Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008); *Contreras v. Bondi*, 134 F.4th 12, 20 (1st Cir. 2025). But the Board's decision did not do that. When considering the positive factors weighing in favor of cancellation, the Board acknowledged that Sadigov identified hardships to his family, including medical issues. We lack jurisdiction to review the Board's exercise of discretion in

5

weighing that factor. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) (explaining that arguments that the Board incorrectly weighed evidence or improperly weighed equitable factors are not questions of law).

Finally, Sadigov states that the Board imposed "an impossible evidentiary burden" on him. But he is really arguing that the Board should have accorded more weight to his rehabilitation efforts and good moral character. The Board explained that Sadigov's rehabilitation efforts and expressions of remorse did not outweigh his serious criminal conduct. We do not have jurisdiction to re-weigh this evidence. *See Wilkinson*, 601 U.S. at 225 n.4; *see also Jarbough*, 483 F.3d at 189; *cf. Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam) ("A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review.").

For these reasons, we will dismiss the petition for review to the extent that we lack jurisdiction to consider Sadigov's arguments and will otherwise deny it. The Government's motion to dismiss the petition for review is granted in part and denied in part to the same extent.